## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**HUNTER DWAIN DILLON,**

     **Plaintiff,**

**v.**                              **Case No: 5:20-cv-101-Oc-30PRL**

**SUMTER COUNTY DOC,**

     **Defendant.**

---

### REPORT AND RECOMMENDATION[1]

     Plaintiff, who is proceeding *pro se*, is attempting to sue the Sumter County Detention Center for the alleged assault and excessive force by on duty officers. The Court previously took under advisement Plaintiff's motion to proceed *in forma pauperis* and gave Plaintiff an opportunity to file an amended complaint (*see* Doc. 7), which he has done. (Doc. 8). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* should be denied and the Complaint should be dismissed.

     An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

may be granted, or seeks monetary relief against a defendant who is immune from such relief. §
1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight."
*Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations
omitted). "Indigence does not create a constitutional right to the expenditure of public funds and
the valuable time of the courts in order to prosecute an action which is totally without merit."
*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825,
828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed.
*Erickson v. Pardus*, 551 U.S. 89 at 94 (2007). Nonetheless, "[t]o survive a motion to dismiss, a
complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is
plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570 (2007). A claim has
facial plausibility when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule
8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands
more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556
U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). *Iqbal*, 129 S.Ct. at 1949. A pleading is
insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of
a cause of action." *Twombly*, 550 U.S. 544, 555.

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed,
federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases
within the judicial power of the United States as defined by Article III of the Constitution,' and
which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So.*

*Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978).

Here, Plaintiff appears to be bringing a claim under 42 U.S.C. § 1983. In his Amended Complaint (Doc. 8), Plaintiff clarifies that he is "suing Sumter County Detention Center in the amount of $75,000.00 for the alleged assault and excessive force by officers acting under local code of law while on duty at Detention Center." (Doc. 1 at 1). As the Court previously explained, in order to state a claim for relief under § 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id.* While local governments qualify as "persons" to whom § 1983

applies, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L.Ed.2d 611 (1978), a county detention center, as a mere arm of such a government, is not generally considered a legal entity subject to suit. *See Grech v. Clayton County, Ga.,* 335 F .3d 1326, 1343 (11th Cir. 2003). The Sumter County Detention Center is merely a vehicle through which the county governs and is not a proper party defendant. *See Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D.Ga.1984); *see also, Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that sheriff's departments and police departments are not usually considered legal entities subject to suit). Because Plaintiff cannot state a § 1983 claim against the Sumter County Detention Center, federal question jurisdiction does not exist.

Likewise, the Court lacks diversity of citizenship jurisdiction, which requires that the action be "between ... citizens of different States...." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). While Plaintiff alleges that he is seeking $75,000.00 in damages, the parties are all citizens of Florida.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 6) should be denied and his Amended Complaint (Doc. 8) should be dismissed.

DONE and ENTERED in Ocala, Florida on September 4, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy